UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARTURO MAZON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:17-CV-156 JD |
| | ) |
| S. PENNING, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Arturo Mazon, a pro se prisoner, alleges that on November 27, 2016, S. Penning put him in a holding cell at 7:15 a.m. and beat him while he was handcuffed. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline

or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted).

Arising out of the same events, Mazon was charged and found guilty of Attempted Assault on Staff. That finding of guilt is not inherently inconsistent with the allegations raised in this complaint and prevailing in this case would not undermine that conviction. "In *Evans v. Poskon*, 603 F.3d 362 (7th Cir.2010), [the Seventh Circuit] addressed the ability of a plaintiff to proceed on a § 1983 excessive force claim where that plaintiff had been convicted of resisting arrest, and held that the plaintiff can only proceed to the extent that the facts underlying the excessive force claim are not inconsistent with the essential facts supporting the conviction." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014). So too here. Though Mazon cannot deny attempting to assault a staff in this proceeding (unless he is able to have the findings of that disciplinary hearing overturned), it is possible that S. Penning used excessive force before, during, or after Mazon attempted to assault staff.

For these reasons, the court:

(1) **GRANTS** Arturo Mazon leave to proceed against S. Penning in his individual capacity for compensatory and punitive damages for using excessive force by beating him while handcuffed on November 27, 2016, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on S. Penning with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), S. Penning to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: March 31, 2017

                                                         /s/ JON E. DEGUILIO
Judge
United States District Judge