UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARTURO MAZON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:17-CV-156 JD |
| | ) |
| S. PENNING, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Arturo Mazon, a prisoner without a lawyer, is proceeding on a claim that, while Mazon was housed at Westville Correctional Facility, S. Penning used excessive force by beating him while handcuffed on November 27, 2016, in violation of the Eighth Amendment. (ECF 5.) The defendant moved for summary judgment on the ground that Mazon failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). (ECF 12.)

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond

to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

It is undisputed that the prison had a grievance policy and that Mazon did not use it. Mazon asserts that he completed a grievance form, but a staff member tore it apart. In his reply, the defendant does not dispute that Mazon was prevented from filing a grievance, but given the vagueness of the statement, it is unclear how he could have done so. Mazon does not say when or where his grievance was destroyed. He does not provide a name, title, or description of the staff member that tore up his grievance. An inmate must offer specifics about his attempts to exhaust to create a genuine issue of fact. *See Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013) (without specifics about why the prisoner was unable to exhaust, summary judgment for the defendants was proper); *Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2004) (observing that vague assertions are not sufficient to create a genuine issue that prison officials interfered with inmate's ability to exhaust). The court cannot determine if there is a dispute about whether grievance procedures were unavailable to Mazon without more detail. Therefore, pursuant to Federal Rule of Civil Procedure 56(e)(1), the court will grant Mazon an opportunity to supplement his response by providing additional details about his attempt to file a grievance in the form of a sworn declaration. The declaration should include the following language immediately above his dated signature at the end of the document: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. He may also submit any documentation or witness statements pertaining to his efforts to exhaust. Then the defendant will be able to respond to the specific facts described by Mazon.

For these reasons, the Arturo Mazon is **GRANTED** until **January 11, 2018**, to submit a sworn declaration explaining how he tried to grieve and how this remedy was made unavailable to him. The defendant is granted until **January 25, 2018**, to file a response.

SO ORDERED.

ENTERED: December 6, 2017

                                                /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court